IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Olufemi O. Soyemi | : | |
|     Petitioner | : | |
| | : | No. 4:05-mc-145 |
| v. | : | |
| | : | |
| Secretary Michael Chertoff, | : | |
| United States Department | : | |
| of Homeland Security | : | A # 75 413 184 |
|     Respondent | : | |

## **O R D E R**

May 26, 2005

**BACKGROUND:**

On May 25, 2005, petitioner Olufemi O. Soyemi filed a two-sentence Emergency Stay of Deportation with this court requesting that we grant a stay in order "to give him enough time to file a habeas corpus in this court challenging his final order of removal." Soyemi is an alien in the custody of ICE and detained at Pike County Correctional Facility. From his succinct filing, we gather that Soyemi is awaiting removal to Nigeria, and that the Board of Immigration Appeals (BIA) denied his withholding of removal under CAT. Because we no longer have jurisdiction to hear habeas corpus petitions challenging final orders of removal we transfer this case to the United States Court of Appeals for the Third Circuit.

Petitioner should make all future filings in that court.

**DISCUSSION:**

On May 11, 2005, the Real ID Act was signed into law. Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief 2005, Real ID Act of 2005, Pub. L. No. 109-13 (May 11, 2005) ("Real ID Act"). Section 106 of the Real ID Act amends section 242 of the Immigration and Nationality Act (INA) so as to strip this court of jurisdiction to hear habeas corpus petitions that challenge final orders of removal. Real ID Act, § 106(a)(1) (adding INA § 242(a)(5) (to be codified at 8 U.S.C. § 1252(a)(5)). Since it appears that the BIA denied petitioner's withholding of removal under CAT, we note that the Real ID Act also provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture. . ." Real ID Act, § 106(a)(1) (adding INA § 242(a)(4) (to be codified at 8 U.S.C. § 1252(a)(4))).

The proper venue for a petition of review is the court of appeals for the judicial circuit in which the immigration judge completed the petitioner's proceedings. 8 U.S.C. § 1252(b)(2). We are without sufficient information to determine which court of appeals is the appropriate court. However, in the interest

of justice, and because petitioner is being detained in Pike County Correctional Facility, we will transfer the case to the United States Court of Appeals for the Third Circuit. As this case was not pending when the Real ID Act was passed we transfer this case to cure want of jurisdiction, pursuant to 28 U.S.C. § 1631.

**NOW, THEREFORE, IT I S ORDERED THAT:**

1. Petitioner's case is transferred to the United States Court of Appeals for the Third Circuit to cure want of jurisdiction pursuant to 28 U.S.C. § 1631.

2. Petitioner should make all future filings with the United States Court of Appeals for the Third Circuit or the appropriate court of appeals, as it may direct.

3. The Clerk is directed to close the case file.

    s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge